[702 NYS2d 895]

In the Matter of KENNETH G. ROTHSTEIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 14, 2000

APPEARANCES OF COUNSEL

*Grace D. Moran*, Syosset (*Muriel L. Gennosa* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing three charges of professional misconduct against him. The Special Referee sustained all three charges after a hearing. The Grievance Committee now moves to confirm the findings of the Special Referee and to impose such discipline upon the respondent as this Court may deem just and proper. The respondent has neither cross-moved nor submitted any papers in response to the motion.

Charge One alleged that the respondent neglected legal matters entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (*see*, 22 NYCRR 1200.30 [a] [3]) and DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]). The respondent was entrusted with three legal matters on behalf of Alex Gallery, Ltd., by its president, Jack Hay. One of those matters involved a rug which had been given by Mr. Hay to Middlesex Carpet Cleaners (hereinafter Middlesex), and was stolen while in its possession. The respondent commenced an action against Middlesex on or about August 20, 1993. Although Middlesex defaulted in the action, and the respondent informed Middlesex of its default, he failed to take further action concerning this matter.

The respondent was also entrusted with a claim for money owed by Dr. Ira Kramer for five rugs purchased from Alex Gallery, Ltd. He served a summons and complaint on or about February 5, 1994. Although he received a letter approximately one month later regarding a possible resolution of the matter, the respondent failed to take any further action with respect to this matter.

The third matter entrusted to the respondent by Mr. Hay concerned a claim by the Kimberly Hotel that certain rugs purchased from Alex Gallery, Ltd. were defective. An action was commenced against Alex Gallery, Ltd., among others, on or about April 16, 1993. The respondent failed to serve an answer or to take further action concerning this matter.

Charge Two alleged that the respondent failed to return client inquiries, to keep his client advised of the status of legal matters, and to promptly return client files upon request, in

violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]) and DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

In or about 1994, the respondent failed to reply to Mr. Hay's inquiries, including a letter dated November 11, 1994, concerning the status of these matters. By letter dated December 28, 1994, sent via certified mail, Mr. Hay informed the respondent that he was terminating their relationship and requested the return of his files. Mr. Hay advised the respondent that if he failed to reply within five days, he would file a complaint with the Grievance Committee. The respondent assured Mr. Hay that he would give these matters his attention and bring them to a conclusion.

By letter dated April 18, 1996, Mr. Hay expressed his dissatisfaction with the respondent's continued neglect of his matters, his false promises, and his failure to respond to his inquiries. Mr. Hay discharged the respondent, demanded the return of his files, and advised that he would file a complaint with the Grievance Committee if he did not hear from the respondent within five days. Mr. Hay's new counsel telephoned the respondent requesting delivery of the files. The respondent failed to return the files notwithstanding a promise to do so.

Charge Three alleged that the respondent failed to cooperate with the Grievance Committee in its investigation of the complaint filed against him by Mr. Hay, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]). By letter dated August 5, 1996, the Grievance Committee informed the respondent of the Hay complaint and requested his response within five days. The respondent indicated that he would surrender the files upon receipt of a substitution of attorney from Mr. Hay. The Grievance Committee received a reply from Mr. Hay again requesting an explanation of the respondent's services and release of the files. The Grievance Committee forwarded that to the respondent and requested his reply within 10 days. No response was received.

The Grievance Committee sent the respondent a certified letter, dated September 25, 1996, requesting his response within five days and advising him that his failure to cooperate with the investigation could, in and of itself, constitute professional misconduct. By letter dated September 30, 1996, the respondent stated that he would return the files to Mr. Hay immediately.

By letter dated October 7, 1996, the Grievance Committee asked the respondent to specifically address the allegations

that he had neglected the legal matters entrusted to him by Mr. Hay within 10 days. No response was received.

By certified letter dated November 22, 1996, the Grievance Committee requested the respondent's answer within five days and again advised him of his obligation to cooperate with the investigation. Again, the respondent failed to reply.

By letter dated December 19, 1996, Mr. Hay informed the Grievance Committee that the respondent still had not turned over the files. Mr. Hay again asked the Grievance Committee to insist that the respondent give a full accounting for his services and return his files without further delay.

By certified letter dated January 2, 1997, the Grievance Committee asked that the respondent confirm release of the files and explain his failure to have done so previously. Grievance Counsel left three telephone messages for the respondent after he failed to respond to the aforementioned letter in an effort to secure his cooperation. On February 4, 1997, the respondent telephoned Grievance Counsel and represented that he would turn over Mr. Hay's files. He thereafter failed to confirm the turnover or to provide the Grievance Committee with the requested response.

The Grievance Committee served the respondent with a judicial subpoena and a judicial subpoena duces tecum returnable on March 20, 1997. The respondent appeared on that date without the requested materials. He advised Grievance Counsel that he would mail Mr. Hay his files on that day, would provide the Grievance Committee with a receipt for the mailing and would submit his written response to the allegations of the Hay complaint. The respondent further advised that he had been diagnosed with multiple sclerosis and was contemplating retiring from the practice of law.

Mr. Hay informed the Grievance Committee that he had received one file from the respondent which indicated that work had last been done on the matter in 1993. The other files sought were not received. By letter dated April 11, 1997, the Grievance Committee directed the respondent to make swift arrangements to release the subject files and to confirm that with the Grievance Committee. The Grievance Committee informed the respondent that his failure to do so would constitute professional misconduct. The respondent failed to reply either to the letter or the two telephone messages left by Grievance Counsel.

The respondent appeared at the Grievance Committee's offices on June 30, 1997, in response to a second judicial

subpoena and judicial subpoena duces tecum. Although the respondent appeared without the subpoenaed files, he advised the Grievance Committee that he had released two files three days earlier and did not have a file concerning the third matter. The respondent alleged that he had been given an injection which clouded his mind, and was granted an extension of time to prepare a detailed response.

By certified letter dated July 3, 1997, the Grievance Committee confirmed the agreement reached with the respondent and clearly indicated that it was the last opportunity for him to fulfill his obligations. The Grievance Committee informed the respondent that if his written response was not received by July 14, 1997, a motion for his suspension would follow. The respondent failed to reply.

The Grievance Committee received an itemization, dated November 24, 1997, from Mr. Hay's current attorney detailing the matters previously entrusted to the respondent. By certified letter dated December 2, 1997, the Grievance Committee sent the respondent a copy of the itemization and requested his reply within 10 days at the risk of a motion for his interim suspension. The respondent failed to reply.

The respondent submitted a verified answer, dated May 18, 1998, in which he admitted all of the factual allegations of the petition.

Based on the respondent's admissions and the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's statement at the hearing that his physical and psychological conditions preclude him from practicing law. By the respondent's admission, he experiences extreme exhaustion, has ceased accepting cases, and has virtually no active matters. The respondent testified that he has not earned fees or billed in months.

The respondent's disciplinary history is not unblemished. He was issued an admonition by the Grievance Committee for the Tenth Judicial District on June 20, 1997, for neglecting a client's legal matter, failing to return client inquiries, and failing to cooperate with the Grievance Committee. On a transferred matter, the Grievance Committee for the Second and Eleventh Judicial Districts issued a Letter of Caution, dated November 20, 1998, for failing to maintain adequate communication with a client and failing to timely release a file to substituted counsel.

Under the totality of circumstances, the respondent is suspended from the practice of law for two years.

MANGANO, P. J., O'BRIEN, RITTER, SANTUCCI and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Kenneth G. Rothstein, is suspended from the practice of law for a period of two years, commencing March 15, 2000, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Kenneth G. Rothstein, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.